No. 117.—A. & J TROUNSTEIN *v.* M. ROSENHAM—GREGG & MARTIN, Defendants in Third Opposition

An attachment may be levied on goods stored in a warehouse, without making the warehouse keeper a party by garnishment process. And the attaching creditor has his lien on the property from the date of seizure, under the writ.

APPEAL from Tenth District Court, parish of Caddo. *Levisee,* J. *Looney & Wells,* for plaintiffs and appellees. *A. W. O. Hicks,* for Third Opponents, appellants.

LUDELING, C. J. Two writs of attachment were issued against the property of M. Rosenham; one at the suit of A. & J. Trounstein, by the district court, and the other at the suit of Gregg & Martin, by the parish court. These writs were executed by different deputies of the sheriff, on the same day. Gregg & Martin having obtained judgment in the parish court, were proceeding, under their judgment, to sell the property attached, when A. & J. Trounstein filed a third opposition, claiming to be paid by preference out of the proceeds of the sale of the property, by virtue of their privilege, resulting from their prior attachment. The attachment in the case of A. & J. Trounstein seems to have been first levied. Gregg & Martin contend that the property, being in the warehouse of third persons, could not be attached, except by process of garnishment. We can not assent to this proposition. Article 237 declares: "An attachment *in the hands of third persons* is a mandate which a creditor obtains from a competent judge, or from the clerk of his court, commanding the seizure of any *property*, credit or right belonging to his debtor, *in whatever hands they may be found,* to satisfy the demands which he intends to bring."

The process of garnishment is an additional means given the creditor

to attach the property, rights or credits of his debtor. In the case at bar, the warehouseman told the creditor that the boxes (subsequently attached) were in his warehouse, and that his clerk would point them out to the officer. What reason could there be, in such a case, for a garnishment, by serving interrogatories on the warehouseman? The law does not require a vain thing. The seizure of the property in the hands of the warehouseman, and the appointment of his clerk the keeper of the property, was sufficient, and gave the attaching creditor a privilege on the property seized. 6 An. 551.

It is therefore ordered and adjudged that the judgment of the district court be affirmed, with costs of appeal.

Rehearing refused.